UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 07-202 |
| TERRENCE LEAVELL | SECTION "E" |

### ORDER AND REASONS

Before the Court is a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) filed by Petitioner Terrence Leavell.[1] For the reasons that follow, Petitioner's request is **DENIED**.

### BACKGROUND

On March 27, 2008, Petitioner Terrence Leavell pleaded guilty to conspiracy to possess with the intent to distribute 50 grams or more of cocaine base, possession with the intent to distribute 50 grams or more of cocaine base, being a convicted felon in possession of a firearm, and possession of a firearm in furtherance of drug trafficking, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(A), and 846; and 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and 924(c)(1).[2] He was sentenced on March 18, 2009 to imprisonment for a term of 110 months.[3] He commenced a 5-year term of supervised release on July 2, 2015.[4] On December 20, 2021, the Court revoked Leavell's supervised release following convictions in the Orleans Parish Criminal District Court for aggravated battery and possession of a firearm or weapon by a felon.[5]

---

[1] R. Doc. 211. The Government opposes the motion. R. Doc. 216. Petitioner filed a reply in support. R. Doc. 219. The Government filed a supplemental response with attachment under seal. R. Docs. 220 and 221-2.
[2] R. Doc. 199 at 1; R. Doc. 8 at 1-3.
[3] R. Doc. 141.
[4] R. Doc. 154.
[5] R. Doc. 202.

1

According to the Government, Petitioner is currently housed at the United States Penitentiary in Pollock, Louisiana.[6] Currently, the Bureau of Prisons reports that 0 inmates and 84 staff have confirmed positive test results for COVID-19, with 0 inmate deaths and 0 staff deaths and with 522 inmate recoveries and 3 staff recoveries.[7] Leavell now moves for compassionate release, relying on the threat posed by the COVID-19 pandemic.[8]

## LAW AND ANALYSIS

18 U.S.C. § 3582(c) provides courts "may not modify a term of imprisonment once it has been imposed," except in limited circumstances.[9] As relevant in this case, 18 U.S.C. § 3582(c)(1)(A)(i) provides courts may, upon motion of a defendant or upon motion of the Director of the Bureau of Prisons, reduce a term of imprisonment, "after considering the factors set forth in [18 U.S.C.] § 3553(a)," if "extraordinary and compelling reasons warrant such a reduction."[10] Defendant has not presented extraordinary and compelling reasons justifying a reduction in his sentence.

### I. Leavell has exhausted administrative remedies.

Courts may consider a motion for a reduction in sentence on the basis of extraordinary and compelling reasons only if the exhaustion requirement of § 3582(c)(1)(A) is met.[11] The exhaustion requirement is mandatory—a court may not modify a term of imprisonment if a defendant has not filed a request with BOP.[12] If a

---

[6] R. Doc. 216 at 2.
[7] *See* "Covid-19 Coronavirus," Bureau of Prisons, https://www.bop.gov/coronavirus/index.jsp (last accessed Apr. 15, 2021).
[8] R. Doc. 211.
[9] 18 U.S.C. § 3582(c).
[10] *Id*. § 3582(c)(1)(A).
[11] *See id*.
[12] *United States v. Franco*, 2020 WL 5249369 at *3 (5th Cir. Sept. 3, 2020).

defendant submits a request for compassionate release to the warden of his facility, and thereafter there is a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility,"[13] the exhaustion requirement of § 3582(c)(1)(A) is satisfied, and the Court may consider a motion for compassionate release filed by the defendant. In this case, Leavell represents his counsel sent a letter to his warden requesting compassionate release on January 26, 2021 and that thirty days have elapsed since this request was made.[14] The Government agrees the exhaustion requirements of § 3582(c)(1)(A) are satisfied.[15] Accordingly, the Court finds Leavell has properly exhausted his administrative remedies, and the Court will proceed to evaluating Leavell's request for compassionate release on the merits.[16]

## II. Leavell's health conditions are not "extraordinary and compelling reasons" warranting a reduction of his sentence.

According to § 3582(c)(1)(A)(i), a district court may reduce a defendant's term of imprisonment if the court finds "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[17] The United States Sentencing Commission's relevant policy statement, found in § 1B1.13 application note 1 of the United States Sentencing Guidelines Manual, sets forth three specific circumstances considered "extraordinary and compelling," as well as a catchall provision:

> 1. Extraordinary and Compelling Reasons.--Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> > (A) Medical Condition of the Defendant.—

---

[13] *Id.*
[14] R. Doc. 211-1
[15] R. Doc. 216 at 7.
[16] The Government now concedes Pierre has exhausted his administrative remedies.
[17] 18 U.S.C. § 3582(c)(1)(A)(i).

3

> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is—
>
>> (I) suffering from a serious physical or medical condition,
>>
>> (II) suffering from a serious functional or cognitive impairment, or
>>
>> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

> (B) Age of the Defendant.--The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

> (C) Family Circumstances.—
>
>> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>>
>> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

> (D) Other Reasons.--As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).[18]

---

[18] U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n.1 (U.S. SENTENCING COMM'N 2018).

Leavell bears the burden of establishing he is eligible for a sentence reduction under § 3582(c)(1)(A)(i).[19] In this case, Leavell is not suffering from a terminal illness and is not 65 years old.[20] He does not allege outstanding "family circumstances" which would warrant a sentence reduction.[21] Accordingly, only subsection (D) of the policy statement is relevant.

Leavell may obtain compassionate release only if the "catchall" provision, included in subsection (D) of the policy statement, is applicable. The "catchall" provision covers "extraordinary and compelling reasons other than, or in combination with" medical condition, age, or family circumstances.[22] Subsection (D) requires a finding of extraordinary and compelling reasons to justify a reduction of sentence. The Fifth Circuit explains that some courts have granted compassionate release for "other reasons" in exceptional cases "where the defendant has demonstrated an increased risk of serious illness if he or she were to contract COVID."[23] The First Step Act amended § 3582(c) to allow not only the BOP but also a defendant to bring a motion arguing extraordinary and compelling reasons warrant a reduction in the defendant's sentence.

In the instant matter, Leavell argues extraordinary and compelling reasons are present for compassionate release because he suffers from the high-risk conditions of obesity, high blood pressure, and Type II diabetes.[24] Leavell attaches his medical records

---

[19] *United States v. Ennis*, EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release." (citing *United States v. Stowe*, No. CR H-11-803 (1), 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019))); *United States v. Wright*, Crim. Action No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (holding the petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute").
[20] According to his records, Leavell is 43 years old. R. Doc. 212-2 at 1.
[21] R. Doc. 211.
[22] *Id.*§ 1B1.13 cmt. n.1(D) (U.S. SENTENCING COMM'N 2018).
[23] *United States v. Thompson*, 984 F.3d 431, 434 (5th Cir. 2021) (discussing cases).
[24] R. Doc. 211-1 at 4.

under seal.[25] The Government agrees "defendant presents a risk factor identified by the CDC as heightening the risk of severe injury or death were the inmate to contract COVID-19, namely diabetes, high blood pressure and obesity."[26] Type 2 diabetes is an underlying condition that increases the risk of injury or death from COVID-19.[27] The Fifth Circuit in *United States v. Thompson* found high blood pressure, one of Leavell's conditions, cannot be considered "extraordinary" because a significant portion of the United States population suffers from this condition.[28] The same is true of Leavell's obesity. Roughly 42% of Americans are obese.[29] Even if Leavell has established his conditions constitute an "extraordinary" circumstance, the Government notes that Leavell "has not suggested that he is presently unable to take care of himself within the confines of his facility."[30] The Government represents that BOP officials have confirmed that "defendant has been receiving treatment for his type 2 diabetes."[31] Most importantly, the Government represents Leavell received his first dose of the Pfizer COVID-19 vaccine on March 8, 2021.[32] This is reflected in the attached medical records filed under seal by the Government.[33] In his reply, Leavell admits he has received the first dose of the vaccine.[34] The Government represents that, by the time of this order, Leavell will likely have been fully vaccinated against COVID-19.[35] Leavell does not contest this prediction in his reply.

---

[25] R. Doc. 211-4 and 211-5.
[26] R. Doc. 216 at 9.
[27] *Summary of Recent Changes*, CENTERS FOR DISEASE CONTROL, https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-care/underlying-evidence-table.html (last accessed April 15, 2021).
[28] 984 F.3d 431, 434 (5th Cir. 2021).
[29] CENTERS FOR DISEASE CONTROL, https://www.cdc.gov/obesity/data/adult.html (last visited April 15, 2021).
[30] R. Doc. 216 at 10.
[31] *Id.*
[32] *Id.*
[33] R. Doc. 221-2.
[34] R. Doc. 219 at 2.
[35] R. Doc. 216 at 10.

As a result, the Court finds Leavell has alleged nothing more than "[g]eneral concerns about possible exposure to COVID-19."[36] Leavell is not at a high risk of contracting COVID-19, and if he does contract COVID-19 he is not at a significant risk of severe injury or death. Leavell is not entitled to relief under § 3582.

### III.   Section 3553(a) factors weigh against reducing Leavell's sentence.

Even assuming Leavell has shown his health conditions amid the current COVID-19 pandemic are "extraordinary and compelling" circumstances warranting a reduction in his sentence, he is still not entitled to relief under § 3582 because he is a danger to the community and the § 3553(a) factors weigh heavily against his release.

Section 3582 requires the Court to consider the sentencing factors set forth in 18 U.S.C. § 3553(a). Likewise, the policy statement regarding compassionate release requires a defendant's sentence may be reduced only if "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," and that the Court's determination is in line with "the factors set forth in 18 U.S.C. § 3553(a)."[37]

The Court discusses the relevant factors under § 3142(g) and § 3553(a) simultaneously due to their similarity. Section 3142(g) sets out the factors courts must consider in deciding whether to release a defendant pending trial. The factors regarding a petitioner's danger to the community include "the nature and circumstances of the offense charged;" "the history and characteristics of the person," including "the person's character, physical and mental condition, family ties, . . . community ties, past conduct, history relating to drug or alcohol abuse, [and] criminal history;" and "the nature and seriousness of the danger to any person or the community that would be posed by the

---

[36] *United States v. Clark*, No. 17-85-SDD-RLB, 2020 WL 1557397, at *4 (M.D. La. Apr. 1, 2020).
[37] U.S. SENTENCING GUIDELINES MANUAL § 1B1.13(2) & cmt. n.1 (U.S. SENTENCING COMM'N 2018).

person's release."[38] Similarly, § 3553(a), which sets forth the factors to consider in initially imposing a sentence, requires the Court to consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; [and]
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.][39]

Having considered all of the relevant factors under § 3142(g) and § 3553(a), and having weighed the totality of the relevant circumstances, the Court finds the factors weigh against reducing Leavell's sentence. The nature and circumstances of the offense and the history and characteristics of the defendant weigh heavily in the Court's decision.

In August 2006, Leavell engaged in multiple hand-to-hand drug transactions with third-party purchasers.[40] He had purchased cocaine and "cooked" it to become cocaine base.[41] When approached by officers, Leavell attempted to flee. After a brief foot chase, he was observed attempting to discard a Taurus International .40 caliber handgun, loaded with nine rounds.[42] He was apprehended with 1.5 grams of cocaine base and $2,033.00

---

[38] 18 U.S.C. § 3142(g).
[39] 18 U.S.C. § 3553(a).
[40] R. Doc. 57.
[41] *Id* at 2.
[42] *Id.*

in cash.[43] An additional net weight of 53.7 grams of cocaine base was recovered from his trailer.[44]

On December 6, 2016, Leavell submitted urine specimens to personnel of the United States Probation Office, which tested positive for benzoylecgonine and morphine.[45] The sample was forwarded to Alere laboratories and returned positive for benzolecgonine and morphine on December 12, 2016.[46] Leavell failed to report to the United States Probation Office as directed.[47] Although telephone contact was made with Leavell on December 19, 2016, Leavell's whereabouts were unknown from December 6, 2016, until his arrest on April 14, 2017.[48] Several attempts were made to contact the defendant at his telephone number of record, but to no avail.[49] On January 27, 2017 and February 10, 2017, the probation officer went to Leavell's residence, but had no success completing a home contact.[50]

On December 21, 2016, a warrant was issued by the New Orleans Police Department for Leavell's arrest for attempted second degree murder, aggravated battery, and possession of a firearm or weapon by felon that occurred on December 1, 2016.[51] On May 31, 2018, Leavell pleaded guilty to aggravated battery and possession of a weapon by felon in the Orleans Parish Criminal District Court.[52] On December 20, 2018, this Court revoked his supervised release and ordered him to be imprisoned for a total term of 46 months to run consecutive to the 4-year sentence of the Orleans Parish Criminal District

---

[43] *Id* at 3.
[44] *Id*.
[45] R. Doc. 202.
[46] *Id*.
[47] *Id*.
[48] *Id*.
[49] *Id*.
[50] *Id*.
[51] *Id*.
[52] *Id*.

9

Court.[53] Because of the seriousness of Leavell's offenses while on supervised release, a reduction of his sentence would not reflect the seriousness of his offenses, promote respect for the law, provide just punishment for his offense, or afford adequate deterrence to criminal conduct. Accordingly, the § 3553(a) factors weigh against reducing Leavell's sentence.

## CONCLUSION

**IT IS ORDERED** that Terrence Leavell's motion for compassionate release is **DENIED**.[54]

**IT IS FURTHER ORDERED** that the Clerk of Court shall serve a copy of this order by regular mail addressed to him at the following address:

>Terrence Leavell
>#302230-034
>USP Pollock Satellite Camp
>Inmate Mail/Parcels
>P.O. Box 2099
>Pollock, Louisiana 71467

**New Orleans, Louisiana, this 16th day of April, 2021.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[53] *Id.* at 2.
[54] R. Doc. 211.